(No. 2696—

MAUDE ALLISON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1941.*

ANDREWS & YOUNG, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The complaint was filed in this cause on July 3, 1935, alleging that on November 30, 1934, the State of Illinois, was in possession and control of a certain public highway lying

immediately south of the City of Kewanee, Illinois, and known as U. S. Route No. 34 and being Route No. 78 of the State of Illinois; that at that time, and for several days prior thereto, the State was engaged in paving and repairing certain portions of this highway, and had caused certain large holes, depressions, and excavations to be made in the highway at a point where the highway crossed a certain creek or a ditch.

Claimant further charged that at the place where the State was repairing the road, it had prior to the time of the happening of the injuries complained of, negligently piled certain sand, gravel, broken concrete and other materials on the east half of the paved surface of the road where the public was accustomed to travel and where the State had made an excavation in the road for some 200 feet and upwards; that it was the duty of the State, by it servants and agents, to exercise all due care and caution in making said repairs and excavations and in piling said concrete upon said road, and in barricading the same, for the purpose of protecting the traveling public and those riding in automobiles along said road, from injury, danger or hazard; but notwithstanding its duty in that behalf, the respondent on the said 30th day of November, 1934, negligently left and permitted to remain on said road, the said obstructions, without signal lights and guards, but had placed two kerosene flares at the north end of the excavation and piles of broken concrete in such a manner that the kerosene flares appeared to indicate certain dangers near the point in the public highway where the flares were located; that this was done contrary to Section 151 of the law in "Relation to Road and Bridges."

The claimant further avers that she was riding in the rear seat of an automobile and was using and exercising all due care for her own safety, but had no control over the automobile, and because of the respondent's act, the driver of the automobile in which the claimant was riding was caused to believe that the only obstruction in the highway near that point was at, or near, the two signal lights, which were the only signal lights in view at or immediately prior to the time of the accident.

Claimant also avers very substantial injuries and damages in the sum of $10,000.00 by reason of the negligent acts of the agents of the State.

A Bill of Particulars was filed showing permanent injuries, physical and mental pain and suffering in the sum of $9,900.00.

The Attorney General has filed a motion to dismiss on the ground that it is sought to recover for injuries received by the claimant while riding in the back seat of an automobile which was alleged to have run into broken concrete negligently piled upon the highway by the servants of the State.

Another question of fact is raised on the motion which will not be considered.

The Attorney General contends that the claimant does not present a cause of action against the State and refers to many decisions of this court.

On November 19, 1914, in the case of *Morrissey* vs. *State of Illinois,* 2 C. C. R. 254, the Court of Claims of the State of Illinois held that the doctrine of respondent superior was not applicable to the State. In that case many authorities were cited by both the State and the claimant, and the court very carefully analyzed the whole situation. Since that time there has been many similiar holdings by the court and the rule has not been changed .

This complaint is drawn on the theory that the State is liable for injuries caused by the negligent conduct of its employees. The whole case of claimant is presented on the assumption that the same principles of law apply to the State as are applicable to individuals and corporations, but claimant has set forth suggestions in opposition to the motion to dismiss. The claimant admits the law as stated by the respondent but states that this proposition is irrelevant for the State is never liable for any torts of its agents.

The Supreme Court of Illinois in the case of *Minear* vs. *State Board of Agriculture,* 259 Ill. 549, held that the provision of the statute providing that the State Board of Agriculture may sue and be sued has reference only to obligations incurred by contract in the management of the department of agriculture, and does not refer to an action of tort.

Claimant says that Paragraph 4, under Section 6 of the Court of Claims Act requires this court to hear and determine all claims, legal, unliquidated and ex delicto, which the State, as a sovereign commonwealth, should in equity and good conscience discharge and pay, and that this court has jurisdiction of this case.

In the case of *Crabtree* vs. *State of Illinois,* 7 C. C. R. 207, this court held that the provisions of paragraph 4 of Section 6 of Court of Claims Act with reference to equity and good conscience merely defines the jurisdiction of the court and does not create a new liability against the State nor increase or enlarge any existing liability and limits jurisdiction of court to claims under which State would be liable in law or equity, if it were suable, and where claimant fails to bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure one.

The State of Illinois is not suable in this kind of a case under our constitution. The motion of the Attorney General will, therefore, be sustained and cause dismissed.